# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AURELIO HERNANDEZ, | )  |
| Plaintiff, | ) Case No. 17-cv-5209 |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| COUNTY OF LAKE, MARK CURRAN, WEXFORD HEALTH SOURCES, INC., ARMOR CORRECTIONAL HEALTH SERVICES, INC., MICHELE DUNN, PATTY MCDOUGALL, ERIC MIZUNO, ALLISON BEATTY, OFFICER MAZUR, OFFICER HANSEN, OFFICER QUICK, OFFICER VARGAS, and OFFICER HERNANDEZ, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Aurelio Hernandez filed an Amended Complaint in April 2018, alleging that defendants were deliberately indifferent to his medical needs and failed to ensure that he received timely and constitutionally adequate treatment for his serious medical condition. Defendants Sheriff Curran, Officer Mazur, Officer Hansen, Officer Quick, Officer Vargas, Officer Hernandez, and the County of Lake (the "Sheriff Defendants") move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons outlined below, the motion to dismiss [25] is granted.

---

[1] Although defendant Officer Doe was not listed as a party to the Sheriff Defendants' motion to dismiss, Officer Doe has not otherwise responded to Hernandez's Amended Complaint and is represented by the same counsel as the Sheriff Defendants. The allegations against Officer Doe fail for the same reasons as the other defendant officers, and thus Officer Doe also is dismissed from this action.

**Background**

In addressing this motion, the Court accepts all facts set forth in the Amended Complaint as true. Hernandez was incarcerated at the Lake County Adult Correctional Center ("Lake County Jail") from February 2014 to September 2017. Defendant Lake County is the local government entity responsible for funding the operations at the Lake County Jail. Defendant Mark Curran is the Lake County Sheriff with decision-making authority over the Lake County Jail at all relevant times. Defendants Mazur, Quick, Hansen, Vargas, and Hernandez all currently or previously were correctional officers or supervisors at the Lake County Jail.

Hernandez developed an umbilical hernia as early as September 2014. An umbilical hernia is a serious medical condition, and occurs when a tissue bulges out through an opening in the muscles near the navel or belly button. Hernandez complained to prison officials, including some of the defendants, on multiple occasions beginning in 2014 about the pain caused by his umbilical hernia. In November 2014, some of the defendants treated Hernandez for complaints of pain in his stomach as a result of abdominal distention with dietary changes and pain medication.

On December 29, 2014, Hernandez filed a grievance concerning dietary restrictions, which Officer Mazur received. On January 21, 2015, Hernandez filed a grievance requesting hernia surgery received by Officer Doe. Officer Quick responded to both grievances on January 28, 2015, indicating that they would be provided to the kitchen staff and medical staff, respectively. On February 25, 2015, Hernandez filed a grievance concerning his hernia pain and dietary needs that Officer Hansen received. Officer Quick responded to that grievance the same day, indicating that copies would be sent to the kitchen and medical staffs. (Dkt. 25 at 19.)

Hernandez filed several additional grievances in the following months: On June 20, 2015 and July 7, 2016, he filed grievances concerning his dietary concerns, which were received by Officer Quick and Officer Vargas, respectively. On August 23, 2016, he filed a grievance concerning his

2

need for treatment related to his hernia and back, which Officer Hernandez received. Defendant Beatty, not one of the defendants moving to dismiss, responded to Hernandez's grievances and another defendant not relevant for this motion made a referral for Hernandez to see the medical staff.

Hernandez alleges based on information and belief that delays or refusal to provide adequate care to Hernandez were a direct result of the Office of Sheriff of Lake County's policy or custom of ignoring or delaying response to inmate grievances concerning inadequate medical care. He further alleges based on information and belief that the officer defendants (Mazur, Hansen, Quick, Vargas, and Hernandez) followed the policies and customs of the Office of Sheriff of Lake County in violation of Hernandez's constitutional rights. The Sheriff Defendants now move to dismiss the Amended Complaint for failure to state a cause of action upon which relief can be granted.

**Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient for surviving a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When considering a motion to dismiss, the Court generally is restricted to the four corners of the complaint. *See Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. 2013). However,

3

"documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Id.* (internal citations and quotations omitted). Each of defendants' exhibits, Hernandez's inmate grievances and response forms, are explicitly referenced in her Amended Complaint. (Dkt. 18 ¶¶ 47, 50–51, 53–54, 56, 61.) These documents also are central to determining the scope of Hernandez's claims as they are inmate grievances received by officer defendants and inmate grievance response forms prepared by the officer defendants. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). These documents pertain to the core of Hernandez's allegations against the Sheriff Defendants, and Hernandez has relied on their contents to support his claims. *Id.* However, one document, defendants' exhibit marked LC-000031, is a letter sent by Allison Beatty. Although Beatty is a defendant in this case, she is not a Sheriff Defendant moving to dismiss the claims against her, so this letter is irrelevant for this motion. This Court considers defendants' exhibits marked LC-000012, LC-000013, LC-000014, LC-000015, LC-000019, LC-000020, and LC-000027 (Dkt. 25 at 14–20), and does not consider defendants' exhibit marked LC-000031 (*id.* at 21).

**Discussion**

A plaintiff alleging that a prison official acted with deliberate indifference to a serious medical condition must allege that an objectively serious medical need was deprived and that the official knew that the risk of injury was substantial but still failed to take reasonable measures to prevent it. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). A serious medical condition is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007). The deliberate indifference standard constitutes "a mental state somewhere between

4

the culpability poles of negligence and purpose, and is thus properly equated with reckless disregard." *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015).

First, the Sheriff Defendants argue that Hernandez fails to state a viable claim for medical indifference as to the individual corrections officers (Officers Mazur, Hansen, Quick, Vargas, and Hernandez). The Sheriff Defendants concede that a hernia can qualify as an objectively serious medical problem. (Dkt. 25 at 4 (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011)).) However, the Sheriff Defendants contend that Hernandez fails to allege that the corrections officers acted with a sufficiently culpable state of mind. Hernandez responds that he sufficiently pleaded allegations regarding the officers' insufficient handling of his grievances.

To establish a constitutional claim against these non-medical correctional officers who oversaw the grievance process throughout Hernandez's term of incarceration, Hernandez would have to allege that they were personally responsible for the alleged constitutional deprivations. *See Adams v. Durai*, 153 F. App'x 972, 975 (7th Cir. 2005); *see also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Although Hernandez generally alleges that the officers followed the Office of the Sheriff of Lake County's policy or custom of delaying or ignoring medical grievances in an act of deliberate indifference to Hernandez's serious medical condition, other specific allegations contradict this contention. Hernandez alleges the dates and officers that received each of his grievances and the officers and dates upon which most grievances were responded to by a prison official. (Dkt. 18 ¶¶ 47, 50–56, 59–61.) The actual grievances letters and responses further support that Hernandez's grievances were processed and submitted to the appropriate officials at Lake County Jail. (Dkt. 25 at 14–20.) Hernandez's policy or custom allegations based on "information and belief" are not plausible in light of his other allegations that the same officers responded to these grievances. *See Burks*, 555 F.3d at 595.

"An administrator does not become responsible for a doctor's exercise of medical judgment simply by virtue of reviewing an inmate grievance," *Adams*, 153 F. App'x at 975, and that is all Hernandez alleges here. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *see also Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 29, 2013) (Kennelly, J.)  These allegations regarding the grievance process do not sufficiently allege that any of the officers were subjectively aware of Hernandez's medical condition or consciously disregarded a risk to his health, especially because he alleges that he received responses to the majority of the grievances.  Further, any claim against Sheriff Curran in his individual capacity cannot stand because there are no allegations against him personally, which is necessary to state a claim of constitutional deprivation.  *See Adams*, 153 F. App'x at 975.

Defendants also argue that all many of Hernandez's claims against the individual officers must be dismissed because Hernandez filed them after the expiration of the two year statute of limitations.  Hernandez responds that the claims are timely because they arose out of repeated refusals to provide medical treatment.  This Court need not further consider these arguments because Hernandez has failed to allege a claim upon which relief could be granted.

Turning to Sheriff Curran in his official capacity, defendants argue that Hernandez fails to allege a viable *Monell* claim based on any policy or custom of the county.  Hernandez responds that Sheriff Curran was responsible for the operation and administration of the Lake County Jail and that he was aware of a pattern of ignoring or delaying response to grievances.  To adequately allege a *Monell* claim against Sheriff Curran, plaintiff must plead factual content that allows the Court to draw the reasonable inference that the Sheriff maintained a policy, custom, or practice that contributed to Hernandez's constitutional injury.  *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014).  The general principle is that "the plaintiff must demonstrate that there is a policy at issue rather than a

random event." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). When no underlying constitutional violation is alleged, a municipality cannot be held liable under *Monell*. *See Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 505 (7th Cir. 2010); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007).

The same allegations that are fatal for Hernandez's claim against the individual officers also doom Hernandez's *Monell* claim against Sheriff Curran. Hernandez relies solely "on information and belief" to allege that the Office of Sheriff of Lake County maintained a policy or custom of ignoring or delaying response to inmate grievances concerning inadequate medical care. However, the allegations demonstrate that Hernandez indeed received responses to his grievances, many times the same day or the next day. At most, Hernandez has alleged one or two grievances for which he did not receive a response. *See Thomas*, 604 F.3d at 303 ("[T]here is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, except that it must be more than one instance, or even three.") (internal citations and quotations omitted). These facts do not plausibly allege a policy, custom, or practice that can be found to cause constitutional injury.

Further, "[a] prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of respondeat superior; the official must actually have participated in the constitutional wrongdoing." *See Antonelli*, 81 F.3d at 1428 (internal citations and quotations omitted). This Court finds that Hernandez failed to allege that the individual officers or Sheriff Curran were medically indifferent to his serious medical condition, so for these reason too there can be no liability for Sheriff Curran in his official capacity.

Finally, because Hernandez fails to state a claim against any of the individual officers or Sheriff Curran in his official capacity, there are no remaining defendants for whom the County of Lake is a necessary party for indemnification purposes. *See Carver v. Sheriff of LaSalle Cty., Illinois*, 324 F.3d 947, 948 (7th Cir. 2003). As such, the County of Lake is also dismissed from this action.

**Conclusion**

Based on the foregoing, this Court grants the Sheriff Defendants' motion to dismiss [25]. As noted, defendant Officer Doe is also dismissed.


IT IS SO ORDERED.

Date: 2/25/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge